IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDY W. WILLIAMS, | § | |
|     TDCJ-CID NO. 401747 | § | |
| v. | § | C.A. NO. C-08-225 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## ORDER GRANTING PETITIONER'S REQUEST TO TAKE JUDICIAL NOTICE

Petitioner is a state prisoner currently incarcerated at the Stevenson Unit in Cuero, Texas. He filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging respondent's failure to grant him mandatory supervised release related to his conviction for sexual assault and aggravated kidnapping. (D.E. 1). Pending is petitioner's motion for judicial notice. (D.E. 23). Specifically, he requests that the Court take judicial notice of legislative history from the 65th Legislature regarding mandatory supervision. (D.E. 23-2).

Petitioner seeks for judicial notice to be taken pursuant to Rule 201 of the Federal Rules of Evidence. That "rule governs only judicial notice of adjudicative facts." Fed. R. Evid. 201(a). However, "[n]o rule deals with judicial notice of 'legislative' facts. Fed. R. Evid. 201 advisory committee's note. The Fifth Circuit has explained that "[t]he power of a federal court to take judicial notice of legislative facts is less constrained than its power to take notice of adjudicative facts." In the Matter of Waller Creek, Ltd., 867 F.2d 228, 238 n.14 (5th Cir. 1989). Thus, while Rule 201 may be inapplicable, courts may take judicial notice of legislative history. Alaska v. Am. Can Co., 358 U.S. 224, 226-27 (1959).

Here, petitioner raises claims asserting a right to release pursuant to mandatory supervision. He requests judicial notice be taken of a senate bill regarding prisoners' supervision

and release.  See S.B. No. 152, 65th Leg., Reg. Sess. (Tex. 1977).

Petitioner's motion for judicial notice, (D.E. 23), is hereby GRANTED.[1]

ORDERED this 19th day of December 2008.

                                          BRIAN  L. OWSLEY
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] While this legislative history may be relevant to the issues raised in this habeas petition, it does not affect the analysis in the memorandum and recommendation. (D.E. 21). Petitioner asserts that a life sentence is calculated as sixty years. (D.E. 23-2). That position is unsupported by the legislative history. Moreover, the Texas Court of Criminal Appeals has refuted this argument. Ex parte Franks, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001) (en banc) (holding that inmates sentenced to life were not eligible for mandatory supervision).